IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARDSON BAY ENVIRONMENTAL PROTECTION ASSOCIATION<br>1 Blackfield Dr. #158<br>Tiburon, CA 94920<br><br>      Plaintiff,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION<br>800 Independence Ave SW<br>Washington, DC 20591<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No: 21-cv-613<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I.  INTRODUCTION**

1.  Plaintiff Richardson Bay Environmental Protection Association ("RBEPA") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Federal Aviation Administration ("FAA") in failing to provide RBEPA with all non-exempt records responsive to its August 19, 2020, FOIA request to this federal agency, seeking records regarding the July 23, 2018 and August 13, 2018 letters submitted to the FAA from the Edgcomb Law Group, referencing registration violations by aircraft flown by Seaplane Adventures, LLC.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Richardson Bay Environmental Protection Association, is a non-profit organization that, at all times relevant herein, has been headquartered in Tiburon, California.

5. Defendant Federal Aviation Administration is federal agency of the United States, and sub-component of the United States Department of Transportation, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about August 19, 2020, Richardson Bay Environmental Protection Association (RBEPA) sent a FOIA request to the Federal Aviation Administration (FAA), seeking FAA records that discuss or describe the July 23, 2018 and /or August 13, 2018 letters submitted to the FAA by the Edgcomb Law Group, referencing FAA registration violations by aircraft flown by Seaplane Adventures, LLC.

14. On or about August 31, 2020, RBEPA received an email from the FAA confirming the agency's receipt of RBEPA's August 19, 2020 FOIA request, and assigning it tracking number 2020-007944WP.

15. On or about October 1, 2020, RBEPA sent an email to the FAA, inquiring as to the status of their August 19, 2020, FOIA request.

16. On or about October 1, 2020, FAA sent a final response to RBEPA, denying Plaintiff all responsive records to RBEPA's August 19, 2020 FOIA request, and indicating that RBEPA could file an administrative appeal of this agency decision.

17. On or about October 18, 2020, RBEPA, by and through its attorney Daniel J. Stotter, filed an administrative appeal of Defendant's October 1, 2020, decision.

18. On or about November 5, 2020, RBEPA by and through its attorney Daniel J. Stotter, sent an email to Agency requesting the status of Plaintiff's administrative appeal.

19. On or about November 10, 2020, FAA sent an email to RBEPA's counsel indicating that Plaintiff's administrative appeal was still under review.

20. On or about November 11, 2020, Plaintiff RBEPA, by and through its attorney, sent a follow up email to the FAA, requesting an estimated date of completion for issuing a decision on Plaintiff's administrative appeal.

21. On or about December 3, 2020, RBEPA, by and through its attorney, emailed the FAA, once again requesting the agency's estimated date of completion for issuing a decision on Plaintiff's FOIA administrative appeal.

22. On or about December 4, 2020, Defendant sent an email to Plaintiff's attorney indicating that it had internally inquired as to the status of the underlying investigation and that it hoped to have an update by December 7, 2020.

23. As of the date of the filing of this action Plaintiff RBEPA has not received any of the records it requested in its August 19, 2020, FOIA request, nor a final decision to its October 18, 2020, administrative appeal.

## VII. CLAIMS FOR RELIEF

24. RBEPA realleges, as if fully set forth herein, paragraphs 1-23 previously set forth herein.

25. Defendant FAA has violated FOIA by failing to provide RBEPA with all non-exempt responsive records for its August 19, 2020, FOIA request.

26. By failing to provide RBEPA with all non-exempt responsive records to its August 19, 2020, FOIA request described above, Defendant FAA has denied RBEPA's right to this information as provided by the Freedom of Information Act.

27. Defendant FAA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to RBEPA's August 19, 2020, FOIA request.

28. By failing to perform an adequate search reasonably calculated to locate all responsive records to RBEPA's August 19, 2020, FOIA request, Defendant FAA has denied RBEPA's right to this information as provided by law under the Freedom of Information Act.

29. Unless enjoined by this Court, Defendant FAA will continue to violate RBEPA's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

30. RBEPA is directly and adversely affected and aggrieved by Defendant FAA's failure to provide responsive records to its FOIA request described above.

31. RBEPA has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

32. RBEPA is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for RBEPA, providing the following relief:

1. Declare Defendant FAA has violated FOIA by failing to provide RBEPA with

all non-exempt records responsive to its August 19, 2020, FOIA request.

2. Declare Defendant FAA has violated FOIA by failing to complete an adequate search for records responsive to RBEPA's August 19, 2020, FOIA request.

3. Direct by injunction that Defendant FAA perform an adequate search for records responsive to its August 19, 2020, FOIA request and provide RBEPA with all non-exempt responsive records to RBEPA's August 19, 2020, FOIA request.

4. Grant RBEPA's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 8th day of March, 2021.

Respectfully submitted,

 /s/ Daniel J. Stotter
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**